

# CT Corporation

**Service of Process Transmittal**
12/20/2011
CT Log Number 519670066

**TO:** Christy Hendley
Ingersoll-Rand Company
Enterprises Services Center, 800 E. Beaty Street
Davidson, NC 28036

**RE:** **Process Served in Tennessee**

**FOR:** Ingersoll-Rand Company (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Timothy Gerrard, Pltf. vs. Ingersoll-Rand Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Return, Complaint, First Set of Interrogatories and Request, Oath, Certificate |
| **COURT/AGENCY:** | Wilson County Chancery Court, TN<br>Case # 11CV503 |
| **NATURE OF ACTION:** | Employee Litigation - Worker's Compensation - Plaintiff sought Worker's Compensation benefits for injuries that occurred in the course and scope of his employment with the defendant employer |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/20/2011 at 10:00 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the summons has been served upon you |
| **ATTORNEY(S) / SENDER(S):** | Nina Parsley<br>Michael D. Ponce & Associates<br>1000 Jackson Road<br>Suite 225<br>Goodlettsville, TN 37072<br>615-851-1776 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/20/2011, Expected Purge Date: 12/25/2011<br>Image SOP<br>Email Notification, Christy Hendley christy.hendley@irco.com<br>Email Notification, Evan M. Turtz Evan_Turtz@IRCO.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / TA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| STATE OF TENNESSEE JUDICIAL DISTRICT CHANCERY COURT | SUMMONS | CASE FILE NUMBER 11CV503 |
|---|---|---|
| PLAINTIFF TIMOTHY GERRARD | | DEFENDANT INGERSOLL-RAND COMPANY |

| TO: (NAME AND ADDRESS OF DEFENDANT) | METHOD OF SERVICE |
|---|---|
| INGERSOLL-RAND COMPANY<br>CT CORPORATION SYSTEM<br>800 S. GAY STREET, STE 2021<br>KNOXVILLE, TN 37929 | ☐ CERTIFIED MAIL<br>X KNOX CO. SHERIFF<br>☐ COMMISSIONER OF INSURANCE<br>☐ *SECRETARY OF STATE<br>☐ *OUT OF COUNTY SHERIFF<br>☐ PRIVATE PROCESS SERVER<br>☐ OTHER<br>*ATTACH REQUIRED FEES |

LIST EACH DEFENDANT ON A SEPARATE SUMMONS.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, WILSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| ATTORNEY FOR PLAINTIFF OR PLAINTIFF IF FILING PRO SE:<br>(NAME, ADDRESS & TELEPHONE NUMBER)<br>NINA PARSLEY<br>MICHAEL D. PONCE & ASSOCIATES<br>1000 JACKSON ROAD, SUITE 225<br>GOODLETTSVILLE, TN 37072<br>(615) 851-1776 | FILED, ISSUED & ATTESTED<br>11-9-11      11:35 AM<br>~~JOHN BRATCHER~~, CHANCERY COURT CLERK<br>BY: Barbara Webb C&m<br>by Ruthann McCrary DC&m |
|---|---|

### NOTICE OF DISPOSITION DATE

THE DISPOSITION DATE OF THIS CASE IS TWELVE MONTHS FROM DATE OF FILING. THE CASE MUST BE RESOLVED OR SET FOR TRIAL BY THIS DATE OR IT WILL BE DISMISSED BY THE COURT FOR FAILURE TO PROSECUTE PURSUANT TO T.R.C.P. 41.02 AND LOCAL RULE 18.

IF YOU THINK THE CASE WILL REQUIRE MORE THAN ONE YEAR TO RESOLVE OR SET FOR TRIAL, YOU MUST SEND A LETTER TO THE CIRCUIT COURT CLERK AT THE EARLIEST PRACTICABLE DATE ASKING FOR AN EXTENSION OF THE DISPOSITION DATE AND STATING YOUR REASONS. EXTENSIONS WILL BE GRANTED ONLY WHEN EXCEPTIONAL CIRCUMSTANCES EXIST.

| TO THE SHERIFF: | DATE RECEIVED<br>11-15-11<br>SHERIFF WC Bryant #B1864 |
|---|---|

***SUBMIT ONE ORIGINAL PLUS ONE COPY FOR EACH DEFENDANT TO BE SERVED.

## RETURN ON SERVICE OF SUMMONS

Served Special Assistant Secret[ary] Service of Process to C.T. Corpora[tion] System the Registered Agent for

I HEREBY RETURN THIS SUMMONS AS FOLLOWS: (NAME OF PARTY SERVED)

Ingersoll Rand Company

- ☐ SERVED _____ Ericka Fry
- ☐ NOT SERVED _____
- ☐ NOT FOUND _____
- ☑ OTHER _____

DATE OF RETURN: DEC 20 2011

BY: W C Bryant / #B1864

SHERIFF/OR OTHER AUTHORIZED PERSON TO SERVE PROCESS

## RETURN ON SERVICE OF SUMMONS BY MAIL

I HEREBY CERTIFY AND RETURN THAT ON THE ____ DAY OF _____, 20___, I SENT, POSTAGE PREPAID, BY REGISTERED RETURN RECEIPT MAIL OR CERTIFIED RETURN RECEIPT MAIL, A CERTIFIED COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT IN CASE _____ TO THE DEFENDANT _____, ON THE ____ DAY OF _____, 20___. I RECEIVED THE RETURN RECEIPT, WHICH HAD BEEN SIGNED BY _____ ON THE ____ DAY OF _____, 20___. THE RETURN RECEIPT IS ATTACHED TO THIS ORIGINAL SUMMONS TO BE FILED BY THE CIRCUIT COURT CLERK.

Sworn to and subscribed before me on this ____ day of _____, 20___.

SIGNATURE OF ____ NOTARY PUBLIC OR ____ DEPUTY CLERK

MY COMMISSION EXPIRES:

SIGNATURE OF PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS.

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT (S):

TENNESSEE LAW PROVIDES A TEN THOUSAND DOLLAR ($10,000.00) DEBTOR'S EQUITY INTEREST PERSONAL PROPERTY EXEMPTION FROM EXECUTION OR SEIZURE TO SATISFY A JUDGMENT. IF A JUDGMENT SHOULD BE ENTERED AGAINST YOU IN THIS ACTION AND YOU WISH TO CLAIM PROPERTY AS EXEMPT, YOU MUST FILE A WRITTEN LIST, UNDER OATH, OF THE ITEMS YOU WISH TO CLAIM AS EXEMPT WITH THE CLERK OF THE COURT. THE LIST MAY BE FILED AT ANY TIME AND MAY BE CHANGED BY YOU THEREAFTER AS NECESSARY; HOWEVER, UNLESS IT IS FILED BEFORE THE JUDGMENT BECOMES FINAL, IT WILL NOT BE EFFECTIVE AS TO ANY EXECUTION OR GARNISHMENT ISSUED PRIOR TO THE FILING OF THE LIST. CERTAIN ITEMS ARE AUTOMATICALLY EXEMPT BY LAW AND DO NOT NEED TO BE LISTED; THESE INCLUDE ITEMS OF NECESSARY WEARING APPAREL (CLOTHING) FOR YOURSELF AND YOUR FAMILY AND TRUNKS OR OTHER RECEPTACLES NECESSARY TO CONTAIN SUCH APPAREL, FAMILY PORTRAITS, THE FAMILY BIBLE, AND SCHOOL BOOKS. SHOULD ANY OF THESE ITEMS BE SEIZED YOU WOULD HAVE THE RIGHT TO RECOVER THEM. IF YOU DO NOT UNDERSTAND YOUR EXEMPTION RIGHT OR HOW TO EXERCISE IT, YOU MAY WISH TO SEEK THE COUNSEL OF A LAWYER.

MAIL LIST TO:

PLEASE STATE FILE NUMBER ON LIST.

ATTACH RETURN RECEIPT HERE (IF APPLICABLE)

### CERTIFICATION (IF APPLICABLE)

I, JOHN BRATCHER, CHANCERY COURT CLERK IN THE STATE OF TENNESSEE, WILSON COUNTY, DO CERTIFY THIS TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL SUMMONS ISSUED IN THIS CASE.

JOHN BRATCHER, CLERK

BY:

DEPUTY CLERK

 "If you have a disability and require assistance, please call (615) 466-5063."

Thank you.

IN THE CHANCERY COURT FOR WILSON COUNTY, TENNESSEE
AT LEBANON

TIMOTHY GERRARD, )
 )
    Plaintiff, )
 )
 ) DOCKET #: 11CV503
v. ) JURY DEMAND (12)
 )
 )
INGERSOLL-RAND COMPANY, )
 )
    Defendant. )
 )

## COMPLAINT

Comes now the Plaintiff, Timothy Gerrard, by and through his undersigned counsel, and for his Complaint against Ingersoll-Rand Company, the Plaintiff states as follows:

1. The Plaintiff, Timothy Gerrard, (hereinafter "Plaintiff") is a resident and citizen of Lebanon, Wilson County, Tennessee.

2. The Defendant, Ingersoll-Rand Company, (hereinafter "Defendant") is a foreign corporation authorized to be and doing business in Lebanon, Wilson County, Tennessee, wherein the allegations set forth in this complaint occurred.

3. Jurisdiction in this matter is proper because the events giving rise to this matter took place in Wilson County, Tennessee, at the Defendant's facility.

### FACTUAL BACKGROUND

4. The Plaintiff was hired by the Defendant on or about February 2009.

5. The Plaintiff sustained a work related injury to his right wrist on March 1, 2010.

6. Following this work related, injury, Plaintiff was accused by his supervisor of faking the injury.

7. Following this work related injury, Plaintiff's supervisor instructed him to violate his work restrictions.

8. Plaintiff was accused of "padding" his injury.

9. Plaintiff was instructed by the Defendant not to accept any kind of pain medicine from the doctor so that the injury classification would not change.

10. While recovering from this work related injury, Plaintiff continued to work and rolled his ankle in some ice and snow on Friday, January 14, 2011.

11. The Plaintiff did not realize he had sustained an injury until his condition worsened over the weekend.

12. The Plaintiff reported his ankle injury in a timely manner to his supervisor and requested use of a personal day, which was approved.

13. After seeing a Doctor on January 18, 2011, Plaintiff spoke to the area manager and again reported the injury, but requested use of personal time so that he could recover from his ankle sprain.

14. However, when the Plaintiff requested vacation or personal time, the Defendant insisted the Plaintiff pursue workers compensation benefits, see a workers' compensation doctor and work light duty.

15. Plaintiff complied with all the Defendant's requests and after doing so, was fired.

16. On January 21, 2011, the Defendant notified the Plaintiff that he was being terminated because of the work related injury of January 14, 2011.

# COUNT I

## WORKERS COMPENSATION RETALIATION

17. The Plaintiff asserts that at all relevant dates and times set forth herein:

   a) The Plaintiff was employed by the Defendant;

   b) The Plaintiff properly sought workers' compensation benefits for injuries that occurred in the course and scope of his employment with the Defendant Employer;

   c) The Defendant Employer had knowledge that the Plaintiff was exercising his right to seek workers' compensation benefits;

   d) The Defendant Employer discharged the Plaintiff before he reached maximum medical improvement for the work related injuries; and

   e) The Plaintiff's request and receipt of workers compensation benefits was a substantial motivating factor in the Defendant Employer's decision to discharge the Plaintiff.

18. The Plaintiff enjoyed a pleasant positive work atmosphere with the Defendant Employer until the Plaintiff suffered work-related injuries. After being injured on the job, the Plaintiff was treated differently by the Defendant. The Defendant treated the Plaintiff poorly as compared to other employees without pending workers' compensation claims.

19. The Plaintiff was treated poorly by his employer as a result of pursuing workers' compensation benefits.

20. At all relevant dates and times as forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of its employees, agents and/or representatives because: (a) the Defendant did not properly supervise and train the Plaintiff's supervisors regarding appropriate behavior towards employees with on the job injuries or disabilities; (b) the Defendant did not properly train the Plaintiff's supervisors

regarding the Defendant's policies towards a workplace free of workers compensation retaliation; (c) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report workers compensation retaliation occurring within the Defendant's workplace; and (d) the Defendant did not have a viable and reasonable procedure and policy in effect to provide reasonable accommodation to its employees injured on the job.

21. The Plaintiff's managers and supervisors discriminated against Plaintiff as a result of his on the job injuries by harassing him about his injuries and then by terminating the Plaintiff for pursuing workers compensation benefits. The management team's actions show that the Defendant had not properly trained the managers and supervisors or provided proper instruction regarding the handling and processing of employees injured on the job, to prevent retaliation against the Plaintiff for his injuries.

22. The Defendant enacted policies and procedures that have a disparate impact on employees injured on the job and attempt to serve as a pre-textual reason for terminations which would otherwise be deemed retaliatory.

23. Plaintiff submits that he followed proper policy and reported to his employer as soon he realized he has sustained an injury.

24. Plaintiff submits that he was terminated for the pre-textual reason of failing to follow company procedure for reporting a workers' compensation injury.

25. The Plaintiff states that there is causal connection between his termination on January 21, 2011 and his pursuit of workers' compensation benefits. The Plaintiff further states that his request for and receipt of workers' compensation benefits was a substantial motivating factor in the Defendant's decision to terminate his employment.

## COUNT II
## NEGLIGENT HIRING, RETENTION AND SUPERVISON PRACTICES

26. Allegations 1-16 are hereby incorporated herewith. In the alternative the Plaintiff asserts that the Defendant is guilty of negligent hiring, retention and supervision practices.

27. At all relevant dates and times as set forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of the Defendant's employees, agents and representatives because: (a) the Defendant Employer did not exercise reasonable care to promptly correct and prevent the discriminating and retaliatory behavior; (b) the Defendant did not properly train the Plaintiff's supervisor, and management, regarding the Defendant Employer's policies towards a workplace free of discrimination and retaliation; and (c) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report discrimination and retaliation occurring within the Defendant's workplace. The Defendant had a duty to supervise its employees and agents.

28. At the Defendant's Lebanon, Tennessee location, there was a breach of the Defendant's duty to supervise its employees and agents. Among other employees, the person who the Defendant hired for the supervisor position participated in the workers' compensation discrimination and retaliatory practices. The Defendant negligently hired and appointed supervisors and managers who created a hostile and discriminatory environment in the Plaintiff's place of employment.

29. The Defendant further failed to properly train and supervise its employees on preventing and avoiding discrimination and retaliatory practices.

30. The Defendant further failed to supervise its supervisors, management and non-management staff and employees to prevent, discover or correct discriminatory practices that were taking place.

31. The Plaintiff sustained an injury as a result of the Defendant's negligent hiring, retention and supervision practices.

32. There is a proximate causal relationship between the Defendant's failure to supervise its employees and the injury sustained by the Plaintiff.

33. The Defendant has a duty to engage in reasonable care in the hiring, retention and supervision of its employees. The Plaintiff submits that the Defendant either had knowledge of the supervisor's unfitness for the supervisory position or should have had knowledge of the supervisor's unfitness for a management position. The supervisor consistently rendered preferential treatment to employees who were not injured on the job and was completely insensitive, improper and discriminatory with respect to the treatment of other injured employees like the Plaintiff. Reasonable care, due diligence and proper management should have revealed the unfitness of the management.

## APPLICABLE TO ALL COUNTS

34. As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly retaliated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary losses.

35. Plaintiff further submits that the Defendant has acted: (a) intentionally, (b)

maliciously, or (c) recklessly in terminating the Plaintiff and that the Plaintiff is entitled to an award of punitive damages.

WHEREFORE PLAINTIFF PRAYS:

a) that service of process issue to Defendant as set forth in;

b) the Plaintiff be awarded compensatory damages of $150,000 or as amount to be determined by the jury;

c) the Plaintiff be awarded punitive damages of $150,000 or an amount to be determined by the jury;

d) that the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under Tennessee law;

e) that the Court award the Plaintiff such other, further, general and different relief to which he may be entitled;

f) that a jury of twelve (12) be empaneled to try this action.

Respectfully submitted,

MICHAEL D. PONCE & ASSOCIATES

*Nina Parsley*

Nina H. Parsley [BPR No. 23818]
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
(615) 851-1776
Attorney for Plaintiff